**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

───────────

**No. 17-4130**

───────────

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

JOSHUA ALAN MCNEELY,

               Defendant - Appellant.

───────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:15-cr-00098-CCE-2)

───────────

Submitted:  November 28, 2017               Decided:  December 15, 2017

───────────

Before MOTZ, KING, and FLOYD, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

James E. Quander, Jr., Winston-Salem, North Carolina, for Appellant.  Terry Michael Meinecke, Angela Hewlett Miller, Assistant United States Attorneys, Greensboro, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joshua Alan McNeely pled guilty, pursuant to a plea agreement, to conspiracy to distribute heroin, in violation of 21 U.S.C. § 846 (2012). The district court sentenced McNeely to 162 months' imprisonment. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), McNeely's counsel has filed a brief certifying that there are no meritorious grounds for appeal, but questioning whether the district court complied with Fed. R. Crim. P. 11 in accepting McNeely's guilty plea and whether McNeely's sentence is reasonable. McNeely has not filed a pro se supplemental brief despite being notified of his right to do so. We affirm.

Because McNeely did not seek to withdraw his guilty plea, we review the adequacy of the Rule 11 hearing for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). To establish plain error, an appellant must show: (1) error; (2) that was plain; and (3) that affected his substantial rights. *Id.* at 816. "In the Rule 11 context, this inquiry means that [defendant] must demonstrate a reasonable probability that, but for the error, he would not have pleaded guilty." *Id.* (internal quotation marks omitted). Additionally, we exercise our discretion to correct such an error only if failing "to do so would seriously affect the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted). Our review of the record reveals that the district court substantially complied with Rule 11 in accepting McNeely's guilty plea, which he entered knowingly and voluntarily.

We review the reasonableness of McNeely's sentence for abuse of discretion. *United States v. Lymas,* 781 F.3d 106, 111 (4th Cir. 2015). First, we assess procedural

2

reasonableness, considering whether the district court properly calculated the Sentencing Guidelines range, allowed the parties to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. *Gall v. United States,* 552 U.S. 38, 49-51 (2007). If a sentence is free of "significant procedural error," we then review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.* at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable," and this "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). Our review of the record leads us to conclude that McNeely's sentence is procedurally sound. Moreover, McNeely has failed to overcome the presumption of substantive reasonableness accorded his within-Guidelines-range sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform McNeely, in writing, of the right to petition the Supreme Court of the United States for further review. If McNeely requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on McNeely.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*